UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHEMICAL BANK,

    Plaintiff,

v.                                     Case No:   2:16-cv-862-FtM-99MRM

JUDITH A. LIEGEOIS and
FINEMARK NATIONAL BANK &
TRUST,

    Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on review of the Complaint (Doc. #1) filed on November 18, 2016.  Plaintiff Chemical Bank brings this case against Judith A. Liegeois individually and FineMark National Bank & Trust based on diversity jurisdiction.  Claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction.  *King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1171 (11th Cir. 2007).  The Court is satisfied that the amount in controversy is met.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff alleges that it is a Michigan state-chartered bank with its principal office in Michigan. (Doc. #1, ¶ 2). "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Plaintiff does not allege the location of its main office as designated in its articles of incorporation. Likewise, Plaintiff alleges that defendant FineMark National Bank & Trust is a national bank headquartered in Fort Myers, Florida. (Doc. #1, ¶ 2). Therefore, Plaintiff and FineMark's citizenship are insufficiently pled and no diversity of jurisdiction is alleged. The Court will dismiss the complaint without prejudice for lack of subject-matter jurisdiction but allow Chemical Bank to file an amended complaint that properly alleges the Court's jurisdiction. *See* 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint that properly alleges federal jurisdiction no later than **December 14, 2016**. Failure to timely file an amended complaint will result in this matter being closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of December, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record